# Memorandum of Law In Support Of The Plaintiff's

# Motion For The Appointment of Counsel

## Statement of the Case

This is a civil case filed under 42 U.S.C.1983 by a state prisoner and asserting constitutional claims of ▮ officials failure to protect and subjecting him to assault from other inmates constituting cruel and unusual punishment and denial of medical care constituting deliberate indifference both in violation of the Eighth Amendment of the United States Constitution. The plaintiff seeks damages as to all claims and an injunction to ensure medical treatment.

## Statements of Facts

The complaint alleges that the plaintiff was assaulted by several inmates in Stillwater Minnesota Correctional Facility while asleep in his cell with the doors secure after the officer listed in this complaint, who was in full control of the units cell access from the control booth, breached the plaintiff's security by giving the inmates access to assault plaintiff. Plaintiff was repeatedly hit and kicked in the head and face and as a result suffered several injuries including chronic head pain and the loss of 3 teeth. After the assault, plaintiff was transferred to Oak Park Heights Correctional Facility, where from September 1st, 2011 through February 2012, when this complaint was filed, was denied medical treatment for chronic head pain by the defendants who are medical officials in full responsibility and authority to provide proper care. Without explanation, these officials were deliberately indifferent to plaintiff's serious medical needs. Plaintiff exhausted all administrative remedies to help resolve these issues by grievances. Grievance appeals are available to show plaintiff was still denied medical care despite weekly co-pay sick call complaints that he was in pain and needed help.



# Argument

## The Court Should Appoint Counsel For The Plaintiff

In deciding whether to appoint counsel for an indigent litigant, the court should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues". (See Abdullah v. Gunter, 949 F. @d 1032, 1035 (8th Cir. 1991) (citation omitted), cert. denied, 112 S. Ct. 1995 (1992). In addition, courts have suggested that the most important factors is whether the case appears to have merit. ( See Cooper v. Saagento Co. Inc., 877 F.2d 170,173(2nd Cir. 1989).

### 1.) *Factual Complexity*

The plaintiff alleges that several inmates (who have all been charged by Washington County of 1st and 3rd degree assault) entered his secured cell after the defendant, the officer in control of single door access, breached security by providing those inmates access to his cell while he was asleep. He challenges the denial of medical care after the incident by two of the defendants and three of the Department of Corrections medical supervisors who were put on notice of denial of medical care and did nothing about them.

In addition, one of the plaintiffs claims involves the denial of medical care; it will probably be necessary to present a medical expert witness or to cross-examine medical witnesses called by the defendants or both. The presence of medical issues requiring expert testimony supports the appointment of counsel.(See Moore v. Mabus, 976 F.2d 268, 272 (5th Cir. 1992); Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir. 1992 ); Tucker v. Randall, 948 F.2d 388, 392  (7th Cir. 1991 ).

### 2.) *The Plaintiff's Ability to Investigate*

The plaintiff is locked up in punitive segregation and has no ability to investigate the facts. For example, he is unable to identify, locate and interview the inmates who were housed in nearby cells who saw some or all of the officer's actions which subjected him to be assaulted. He has in fact been transferred to a different institution, a factor that several courts have cited in appointing counsel. (See Tucker v. Randall, 948 F.2d 388, 391-92 (7th Cir. 1991); Gatson v. Coughlin, 679 F. Supp. 270, 273  (W.D.N.Y. 1988 ); Armstrong  v. Snyder, 103 F.R.D. 96, 105 (E. D. Wis. 1984 ). In addition, this case will require considerable discovery concerning the identity of witnesses, the officer's reports and statements about the incident, the history of the officers prior breaches of security or knowledge as to the proper and improper ways to run the control center and the plaintiff's medical history.  (See Tucker v. Dickey, 613 F. Supp. 1124, 1133-34 (W. D. Wis. 1985) (Need For Discovery Supported Appointment of Counsel).

### 3.) *Conflicting Testimony*

The plaintiff's account of his assault is limited because it occurred while he was asleep. In fact, he could not identify his attackers. They were captured at his cell and inside by officers in

response to the assault being reported and by the video cameras outside plaintiff's cell which recorded the assault that took place for 3-5 minutes. Therefore, although plaintiff has one witness confirming that the officers listed in this complaint actually accessed plaintiff's cell at the request of other inmates, cooberation to sustain this issue as a fact, as well as his challenges to medical issues may be a credibility contest between the defendants and plaintiff (and such inmate witnesses as can be located). The existence of these credibility issues supports the appointment of counsel. (See Gatson v. Coughlin, 679 F. Supp. 270, 273 (W.D.N.Y. 1988).

4.) *The Ability Of The Indigent To Present His Claim*

The plaintiff is an indigent prisoner with no legal training, a factor that supports the appointment of counsel.(Whisenant v. Yuam, 739 F.2d 160, 163(4th Cir. 1984). In addition he is confined to segregation with very limited access to legal materials.(See Rayes v. Johnson, 969 F.2d 700, 703-04(8th Cir. 1992)(Citing Lack Of Ready Access To A Law Library As a Factor Supporting Appointment of Counsel).

5.) *Legal Complexity*

The large number of defendants, some of whom are supervisory officials, presents complex legal issues of determining which defendants were sufficiently and personally involved in the constitutional violations to be held liable. In addition, the plaintiff has asked for a jury trial, which requires much greater legal skill than the plaintiff has or can develop.(See Abdullah v. Gunter, 949 F.2d 1032, 1036 (8th Cir. 1991)(Citing Jury Demand As Factor Supporting Appointment of Counsel),cit denied, 112 S. Ct. 1995(1992).

6.) *Merit of Case*

The plaintiffs case alleges facts, if proven, clearly would establish constitutional violations by the defendants which entitles him to damages. The failure to protect, breach of security and subjecting plaintiff to be assaulted by other prisoners as alleged in the complaint clearly shows "Cruel and Unusual Punishment", in violation of the Eighth Amendment.(See Riley v. Jeffes, 777 F. 2d 143, 148 (3rd Cir. 1985)(Giving Inmates Keys and Permitting Them To Keep Cell Block Doors Open). The allegations of denial of medical care amount to deliberate indifference, which the courts have repeated examples of being unconstitutional.(See Dace v. Solem, 858 F. 2d 385 (8th Cir. 1988) On its face, then, this is meritorious case.

## Conclusion

For the foregoing reasons, the court should grant the plaintiffs motion and appoint counsel in this case.

Sincerely,
Prentiss O'Malley