UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Prentice Wheatley,                                                                     Civil No. 12-880 DWF/AJB

                Plaintiff,

v.                                                     **REPORT AND RECOMMENDATION**
                                                       **ON MOTION FOR INJUNCTION**
Michelle Smith, Stephen Craane,                     **AND ORDER ON MOTION FOR**
Keith Krueger, David Paulson,                               **PROTECTIVE ORDER**
Nanette Larson, Kathy Reid, Scott
Schantzen, and Jordan Buth,

                Defendants.

      This matter is before the court, Chief Magistrate Judge Arthur J. Boylan, on plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [Docket No. 16]. Plaintiff Prentice Wheatley has also filed a Motion for Protective Order [Docket No. 31], therein seeking to preclude defendants' submission of psychiatric records[1] in opposition to his motion for injunctive relief. Plaintiff is a state prisoner currently incarcerated at the Minnesota Correctional Facility at Oak Park Heights, Minnesota. The complaint alleges violation of civil rights under 42 U.S.C. § 1983 with respect to medical treatment for injuries which plaintiff asserts were sustained as the result of an assault by other prisoners while he was an inmate at MCF–Stillwater. He now moves for injunctive relief whereby certain defendants charged with providing prison medical services[2] would be required to provide care and treatment for alleged

---

[1] The pertinent documents have been filed under seal pursuant to court Orders [Docket Nos. 23 and 28].

[2] The motion states that relief is sought against the prison's medical practitioner, prison medical director, regional medical director, health service director and health service administrator. Defendant Dr. Craane is an independent contractor physician employed through Corizon, Inc. Dr. Krueger is identified as the former Regional Medical Director in Minnesota for Corizon, Inc.

head injuries and chronic pain. Defendant physicians Stephen Craane and Keith Krueger have jointly asserted opposition to the motion on their behalf, and Minnesota Department of Corrections defendants have likewise asserted opposition to the motion.

**Background and Claims**

The complaint in this action[3] alleges that plaintiff Prentice Wheatley suffered multiple injuries when several inmates entered his cell at MCF–Stillwater while he was asleep and thereafter kicked and punched him in the face and head. Plaintiff asserts that he continues to experience chronic pain and face numbness as a result of the assault and defendants have refused to provide proper medical treatment or prescribe adequate pain medication for chronic head pain and a bullet wound to his leg. The prisoner contends that defendants' actions are in violation of his right to adequate medical treatment under the Eighth Amendment, and he seeks an order for medical examination by a specialist of his own choosing and adherence to any treatment plan recommended by such specialist.

Defendants oppose the motion for injunctive relief[4] on grounds that plaintiff has

---

[3] Plaintiff has moved to amend the complaint and has filed a proposed amended complaint. The proposed amended pleading contains the same general claims and the discussion herein applies equally to the proposed complaint. The motion to amend is addressed by separate Order.

[4] Plaintiff has moved generally for a temporary restraining order and preliminary injunction without distinguishing the two forms of relief and without reference to procedural matters addressed in Fed. R. Civ. P. 65 (except with respect to his request that no security be required under Rule 65(c)). Rule 65(b) provides that a temporary restraining order may be issued without notice to the adverse party and is indeed temporary in nature, pending hearing on a preliminary injunction. The complaint contains a specific request for the injunctive relief that is demanded in this motion, and the defendants have answered the complaint and have directly responded to the motion. Under these circumstances the court construes the motion to be one for preliminary injunction only.

2

received continuing medical care, including examinations and pain medication, since the assault occurred in August 2011.[5] Defendants argue and submit evidence to support the contention that the plaintiff's claims are false with regard to the allegation that he has been denied medical care, and the motion is moot with respect to the demand for pain medication.

**Injunctive Relief**

Plaintiff Prentice Wheatley's argument in support of the motion addresses each of the pertinent factors to be considered under Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 112-14 (8th Cir. 1981) with respect to a motion for preliminary injunction. Those factors are (1) whether the movant will suffer irreparable harm; (2) the balance of hardship to the respective parties; (3) the movant's likelihood of success on the merits of the action; and (4) the public interest. Id. Plaintiff has also submitted a declaration[6] in support of his motion in which he describes the assault and resulting injuries, diagnoses, pain complaints, specialist reports and recommendations, and medication issues. He expressly seeks an order requiring an examination and plan of treatment by a specialist of plaintiff's choice and requiring defendant's to abide by the treatment plan.[7]

In considering a motion for preliminary injunction, the likelihood of success on the merits is not, alone, determinative, but rather, the court considers the particular circumstances of the case in determining whether the "balance of equities so favors the movant

---

[5] Prior to the assault plaintiff had been receiving pain medications for pre-existing injuries, including gunshot wounds to his eye and hip. Defendant Dr. Craane had previously expressed concern that plaintiff was abusing and/or diverting prescription pain medications.

[6] Docket No. 18.

[7] Id., ¶ 22.

that justice requires the court to intervene to preserve the status quo." Dataphase at 113. The movant bears the burden of proof with regard to each of the factors to be considered. Doe v. LaDue, 514 F.Supp.2d 1131, 1135 (D. Minn. 2007).

**Irreparable Harm.** A party moving for a temporary injunction must the show existence of a significant risk of harm, and the absence of such a showing is sufficient to deny the motion. Doe v. LaDue at 1135. Speculative or possible harm is insufficient for preliminary injunctive relief. Id. Plaintiff contends that he is threatened with irreparable harm as a result of the continuing deprivation of a constitutional right to medical treatment; proper treatment for his head injury is necessary to avoid possible brain damage; and it is a violation of his rights to deny medical care as punishment. Defendants contend that plaintiff's assertions as to irreparable harm are simply allegations unsupported by evidence. It is argued that plaintiff has presented no medical evidence to establish that his current medical treatment and pain medication is inadequate, or so deficient as to cause him harm, particularly with respect to brain damage.

The court concludes that plaintiff Prentice Wheatley has not established that he will suffer irreparable harm if a preliminary injunction is not granted. The record indicates that he has been examined and treated on numerous occasions with regard to his complaints of chronic pain and he has received medication for pain. In particular, the court finds no evidence that the plaintiff faces the prospect of brain damage due to a denial of the medical treatment he proposes, including examination and treatment plan by a specialist of his own choosing. Under these circumstances the court finds that the irreparable harm factor does not favor the plaintiff.

**Likelihood of Success on the Merits.** With respect to injunctive relief, the likelihood of success on the merits is preeminent. Doe v. LaDue at 1136. Plaintiff Wheatley

4

insists that he is likely to succeed on the merits of this action, based upon his general allegations that defendants have known about and disregarded the risk of harm to the plaintiff for several months and have caused him to suffer unnecessary pain by failing to provide proper medications. Defendants argue that this matter essentially represents a disagreement as to the course of treatment, and the prisoner has not met the substantial burdens of making the objective showing of a deprivation of necessary treatment or establishing the subjective element of a deliberate indifference to such needs. Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995).

The court finds the defendants' arguments as to success on the merits to be well taken. The record persuasively indicates that the essential nature of the plaintiff's complaint in this action is disagreement as to the course of treatment and there is no compelling evidence to show that the plaintiff has been denied necessary care or pain medication, or that defendants have been indifferent to his medical needs. There is simply no showing of an "unnecessary and wanton infliction of pain" to establish the Eighth Amendment violation as alleged. Estelle v. Gamble, 429 U.S. 97, 104 (1976). The court does not find that probability of success on the merits with respect to injunctive relief weighs in favor of the plaintiff to the extent necessary to obtain such relief.

**Balance of Harms.** Plaintiff contends that his present and potential suffering from possible brain or nerve damage is enormous and greatly outweighs the small burden on defendants to take him to a suitable doctor. Defendants disagree, asserting that plaintiff's true objective is to obtain narcotic pain medications, and that he has a history of misusing and diverting prescription drugs. Defendants argue that granting the plaintiff injunctive relief as to pain medications prescribed by an outside medical specialist would implicate institutional safety;

5

could jeopardize plaintiff's own safety (in light of his history of manufacturing alcohol and potentially overdosing on drugs or a combination of drugs and alcohol); and would conflict with the institution physicians' ability to treat and monitor patients. The court finds that the plaintiff's position is mere speculation and he has not carried this burden of proof as to this factor.

**Public Interest.** The plaintiff does not speak to the public interest with particularity as to his case and states only the axiomatic proposition that it is always in the public interest for prison officials to obey the law. In light of the plaintiff's failure to persuasively establish that defendants have previously acted in violation of his right to medical care under the Eighth Amendment, the court finds no basis on which to conclude the public interest would be served by granting the injunctive relief requested by the plaintiff.

Plaintiff Prentice Wheatley has not shown that the balance of equities favors his position in this matter such that justice requires the court to intervene to preserve the status quo or to affirmatively require the defendants to arrange an examination and abide by a plan of treatment by a specialist of plaintiff's choice. Plaintiff's motion for temporary injunction should be denied.

**Protective Order**

Plaintiff has filed a "Motion in Opposition to Defendants Motion to File Documents under Seal and Protective Order" along with a supporting memorandum in which he essentially seeks to bar defendants from using psychiatric records which predate his current injuries in opposing his motion for an injunction compelling defendants to provide medical treatment. Defendants oppose the motion, asserting that the documents at issue have already

been filed under seal pursuant to court orders and the motion is therefore moot. In addition, defendants argue that the plaintiff expressly acknowledges waiving privilege as to all his medical records, including psychotherapy records, and the materials are relevant and non-privileged because claims regarding both his medical and mental health have been asserted and are at issue.

With respect to plaintiff's desire to maintain privacy as to medical and mental health documents, the court's Sealing Orders serve to protect the materials from public disclosure. The motion is moot to the extent plaintiff opposes filing the documents.[8] Furthermore, the plaintiff has claimed head injuries, chronic head pain, and potential brain injuries, and he has thereby implicated his mental health as a primary issue in this case. In addition, he executed an authorization for release of psychotherapy and counseling records.[9] Plaintiff has effectively waived privilege with respect to mental and medical health materials and the documents are clearly relevant to his claims. Plaintiff's motion for an protective order prohibiting use of psychiatric and/or mental health or physical health records is denied.

Based upon the file and records in this action, along with the motions, memorandums, and exhibits that are before the court, the magistrate judge makes the following:

**ORDER**

It is **Hereby Ordered** that plaintiff Prentice Wheatley's Motion in Opposition to Defendants Motion to File Documents under Seal and Protective Order [Docket No. 31] is **moot**

---

[8] Documents that are sealed are those exhibits attached to the Affidavit of Andrea P. Hoversten [Docket No. 37], the Affidavit of Stephen Craane, M.D. [Docket No. 38], and the Affidavit of Dr. David Paulson [Docket No. 41].

[9] See: Affidavit of Andrea P. Hoversten, Ex. C.

7

**in part and denied in part** as stated above.

The magistrate judge further makes the following:

## RECOMMENDATION

It is **hereby recommended** that plaintiff Prentice Wheatley's Motion for Temporary Restraining Order and Preliminary Injunction be **denied** [Docket No. 16];

Dated:   October 25, 2012

   s/ Arthur J. Boylan
ARTHUR J. BOYLAN
United States Chief Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before November 8, 2012.