UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Prentice Wheatley,                                     Civil No. 12-880 DWF/AJB

         Plaintiff,

v.                                                     **REPORT AND RECOMMENDATION
                                                       ON SECOND AND THIRD MOTIONS
Michelle Smith, et al.,                                FOR INJUNCTIVE RELIEF**

         Defendants.

This matter is before the court, Chief Magistrate Judge Arthur J. Boylan, on plaintiff's Second Motion for Preliminary Injunction and/or Protective Order [Docket No. 76], and plaintiff's Restraining Order Supplemental Motion [Docket No. 87]. Plaintiff Prentice Wheatley's request pursuant to both motions is to be released from disciplinary segregation. He asserts that his placement in segregation results in prejudicial restrictions on access to legal materials and otherwise hinders his ability to obtain legal assistance and to litigate this action. Plaintiffs expressly seeks transfer to administrative segregation which would be less restrictive and would allow increased telephone and mail privileges, and greater access to legal materials and legal assistance, while maintaining his segregation status.

Plaintiff is a state prisoner currently incarcerated at the Minnesota Correctional Facility at Oak Park Heights, Minnesota. The amended complaint alleges violation of civil rights under 42 U.S.C. § 1983 with respect to medical treatment for injuries which plaintiff asserts were sustained as the result of being assaulted by other prisoners while he was an inmate at MCF–Stillwater. Mr. Wheatley was given a 540-day disciplinary segregation sentence after pleading guilty with explanation to a charge that he struck a corrections officer who was attempting to break up the fight in which the plaintiff was injured. The Minnesota Department

of Corrections ("DOC") defendants oppose the motion(s) for injunctive relief, citing plaintiff's disciplinary proceeding and further noting that DOC directives do not prohibit phone calls to attorneys by segregation prisoners and depositions may be conducted upon satisfaction of procedural requirements.

**Background and Claims**

The court previously addressed this action in the context of a motion for preliminary injunction in which plaintiff Prentice Wheatley was seeking a medical examination and treatment by a specialist of his own choosing. The earlier motion was denied.[1] In motions presently before the court the plaintiff requests that he be transferred from punitive segregation to administrative segregation in order to facilitate his efforts to litigate this case.

**Injunctive Relief**

When determining if injunctive relief should be granted the court considers: (1) whether the movant will suffer irreparable harm; (2) the balance of hardship to the respective parties; (3) the movant's likelihood of success on the merits of the action; and (4) the public interest. Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 112-14 (8th Cir. 1981). In his motion submissions the plaintiff discusses the circumstances of his placement in segregation and barriers to litigation resulting from his segregation status, including limited phone usage, delays in obtaining library access and legal materials, inability to find legal counsel, difficulty in investigation and conducting depositions, and mail restrictions. On motion for preliminary injunction, the likelihood of success on the merits is not, alone, determinative, but rather, the

---

[1] Report and Recommendation dated October 25, 2012 [Docket No. 68], adopted by district court Order dated November 27, 2012 [Docket No. 79].

court considers the particular circumstances of the case in determining whether the "balance of equities so favors the movant that justice requires the court to intervene . . ." Dataphase at 113. The movant bears the burden of proof with regard to each of the factors to be considered. Doe v. LaDue, 514 F.Supp.2d 1131, 1135 (D. Minn. 2007).

**Factors.** As to irreparable harm plaintiff puts forth his inability to obtain legal counsel and inability to properly investigate and prepare his case. Plaintiff next contends that the balance of harms favors granting injunctive relief because he could still serve his sentence, albeit in administrative segregation status, with no harm to the defendants. The public interest will be served because the public has no interest in enforcing restrictions on access to the courts, and he will serve his full segregation sentence (even though insisting that he was a victim and was not guilty of the disciplinary offense). Plaintiff does not directly address the likelihood of success on the merits, perhaps because the preliminary injunction motion does not seek the relief requested in the amended complaint.[2]

The court finds no grounds for granting the injunctive relief requested by the plaintiff. Mr. Wheatley has not shown that he will suffer irreparable harm if such relief is not granted. Though there may be delays, he is not precluded from conducting research and has not established an actual injury resulting from a failure by the defendants to provide him meaningful

---

[2] The DOC defendants speculate that plaintiff is asserting a likelihood that he would succeed on a claim that his segregation sentence was imposed in retaliation for statements he made during the discipline hearing with respect to a lawsuit. Such a presumed 'insinuation' by the plaintiff is entirely insufficient to constitute argument or support for a determination that plaintiff would be likely to succeed on the merits of anything that he might be alleging in either the motion or the amended complaint. Rather, in light of the plaintiff's clear understanding of the Dataphase factors, it appears that obfuscation as to the issue of success on the merits was either intentional or unavoidable.

access to the courts such that the defendants conduct does not merely make litigation inconvenient, but actually prevents litigation of the claim. See Duwenhoegger v. King, 2012 WL 1516865, *6 (D. Minn., February 13, 2012) (citing Cody v. Weber, 256 F.3d 764, 267-68 (8th Cir. 2001) (additional citations omitted)) (Report and Recommendation adopted by the district court, 2012 WL 1529300 (D. Minn., April 30, 2012)).[3]  The court finds that the irreparable harm factor does not favor the plaintiff.

With respect to the likelihood of success on the merits, this factor is preeminent. Doe v. LaDue at 1136.  Nonetheless, the motions essentially require that the court construct both an underlying claim and an argument to support it.  That is an exercise and discussion in which the court declines to engage except to say that the deficiency is in the lack of any articulated basis for injunctive relief, and not a lack of legal resources.  The court does not find that probability of success on the merits with respect to injunctive relief weighs in favor of the plaintiff to any degree whatsoever.

As to the balance of harms the plaintiff contends that defendants would suffer no harm because he would remain in segregation, while his continued stay in disciplinary segregation greatly harms his ability to litigate this lawsuit.  Defendants argue that the prisoner is seeking to avoid the consequences of serious misconduct, and such avoidance of punitive segregation by way of an injunction would merely inspire other offenders to seek such relief by commencing frivolous lawsuits.  Defendants further assert that plaintiff has not shown any litigation benefits he would gain through the requested transfer that could not be obtained by alternative means, such as allowing him additional time to respond to defense motions.  It is the

---

[3] Minn. Dist. Ct. Civil File No. 10-3965 PJS/JSM.

court's finding that DOC disciplinary regulations and policy would be seriously undermined by an injunction compelling plaintiff's transfer from disciplinary segregation to administrative segregation, and the harm to the DOC and DOC defendants resulting from such relief vastly outweighs any potential harm to the plaintiff. The court concludes that the plaintiff is relying on mere speculation and the balance of harm or hardship factor weights heavily in defendants' favor. Finally, plaintiff contends that the requested relief would serve the interests of both sides in this case and would not be contrary to the public interest which favors protection of his constitutional rights. Defendants cite a strong public interest in allowing DOC discretion with regard to discipline and housing of prisoners without court intrusion. The court agrees that the public has an interest in protecting constitutional rights but finds that plaintiff has not shown that a transfer from disciplinary segregation is necessary to protect such rights. The court further finds that the public interest in permitting the DOC to enforce its disciplinary and housing regulations is significant and outweighs any public interest in granting plaintiff the relief he is seeking. Plaintiff's motion for temporary injunction should be denied.

Based upon the file and records in this action, along with the motions, memorandums, and exhibits that are before the court, the magistrate judge makes the following:

### RECOMMENDATION

It is **hereby recommended** that plaintiff Prentice Wheatley's Second Motion for Preliminary Injunction and/or Protective Order [Docket No. 76] be **denied**, and plaintiff's Restraining Order Supplemental Motion [Docket No. 87] be **denied**.

Dated:   January 4, 2013

s/Arthur J. Boylan
ARTHUR J. BOYLAN
United States Chief Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before January 18, 2013.